**Below is the Order of the Court.**

_[Signature]_
Christopher M. Alston
U.S. Bankruptcy Judge
(Dated as of Entered on Docket date above)

___

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>SKAGIT GARDENS, INC. *et al.*[1]<br>3100 Old Highway 99 South<br>Mount Vernon, WA 98273<br>80-0161154,<br><br>　　　　　　　Debtors. | Lead Case No. 16-12879<br><br>ORDER (I) APPROVING (A) PROCEDURES FOR BIDDING FOR PURCHASE OF DEBTORS' ASSETS, ESTABLISHING CURE AMOUNTS, AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS, AND (B) FORM AND MANNER OF NOTICE, (II) ESTABLISHING DEADLINES FOR OBJECTIONS AND HIGHER AND BETTER OFFERS, AND (III) SCHEDULING FINAL HEARING ON SALE OF ASSETS, AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS |

THIS MATTER came before the Court upon the motion (the "Motion")[2] of the Debtors, debtors-in-possession herein, for the entry of two (2) orders:

___

[1] The Debtors are Skagit Gardens, Inc., Skagit RESPE LLC, Skagit TPPSPE LLC, and Skagit Real Estate Holdings, LLC (each, a "Debtor" and together, the "Debtors").

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

    (a)    this order (the "<u>Procedures Order</u>"):

        (i)    scheduling a hearing to authorize and approve the sale of all, or substantially all of the Debtors' assets (the "<u>Acquired Assets</u>") as set forth in the Asset Purchase Agreement (the "<u>Purchase Agreement</u>"), by and between the Debtors, as sellers, and Early Morning, LLC, as buyer, as requested in the Motion, and approving the form and manner of notice thereof;

        (ii)    approving (a) Early Morning, LLC as the "stalking horse bidder" (the "<u>Stalking Horse Bidder</u>"), (b) the Break-Up Fee and the Overbid Protections, and the payment thereof under the terms set forth in the Purchase Agreement;

        (iii)    setting a deadline and establishing requirements and procedures for competing offerors to submit Qualifying Bids;

        (iv)    setting a date for the filing and service of objections, if any, to the relief requested in the Motion;

        (v)    setting deadlines and establishing procedures for objections to (a) the Debtors' proposed Cure Costs for Assumed Contracts, (b) the proposed assumption and assignment of Assumed Contracts, and (c) determining any disputes concerning Cure Costs, and/or the assumption and assignment of Assumed Contracts; and

        (vi)    scheduling a hearing to authorize and approve the assumption and assignment of Assumed Contracts; and

    (b)    an order (the "<u>Sale Order</u>"):

        (i)    authorizing and approving either the Purchase Agreement attached to the Declaration of Mark Buchholz, or other asset purchase agreement submitted by a Successful Bidder (as defined herein);

        (ii)    authorizing the sale of the Acquired Assets and the assumption and assignment of the Assumed Contracts under the terms and conditions of the Purchase Agreement to the Stalking Horse Bidder, or another Successful Bidder (as defined herein), free and clear of all liens, claims, interests, charges and encumbrances, subject to the terms of the Purchase Agreement, this Procedures Order and the Sale Order and subject to higher and better offers;

        (iii)    authorizing the Debtors to consummate all transactions related to the above; and

---

[2] Capitalized terms herein have the meaning ascribed to them in the Purchase Agreement (defined) <u>infra</u>, unless otherwise indicated.

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2069 20141 af08d000eb
Case 16-12879-TWD    Doc 78    Filed 06/08/16    Ent. 06/08/16 11:11:41    Pg. 2 of 18

  (iv) authorizing relief consistent with the foregoing in connection with an asset purchase agreement between the Debtors and any competing offeror submitting a Qualifying Bid for the Acquired Assets in accordance with this Procedures Order (collectively, the "<u>Relief Requested</u>") and all as more fully set forth in the Motion;

 The Court has reviewed the files and records herein and finds that it necessary and appropriate to establish procedures to govern the submission of Qualifying Bids for the Acquired Assets, the resolution of disputes, if any, over Cure Costs, and the assumption and assignment of the Assumed Contracts. Now, therefore, the Court hereby finds as follows:

 A. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

 B. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

 C. Good and sufficient notice of the Motion and the Relief Requested has been given and no other or further notice is required. An opportunity, reasonable under the circumstances of these cases, to object or be heard regarding the Relief Requested has been afforded to creditors and parties in interest.

 D. The Debtors' proposed notice of the transactions contemplated by the Motion is good, appropriate, adequate and sufficient, and is reasonably calculated to provide all creditors and interested parties with timely and proper notice of the same.

 E. The Debtors have demonstrated a sound business justification for authorizing the payment of the Break-up Fee and the EM Overbid Component to the Stalking Horse Bidder as required by the Purchase Agreement and under the circumstances of these cases.

 F. The amounts of the Break-up Fee and the EM Overbid Component are fair and reasonable, provide benefits to the Debtors' estates and creditors, and were negotiated by the parties in good faith and at arms' length.

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 16-12879-TWD Doc 78 Filed 06/08/16 Ent. 06/08/16 11:11:41 Pg. 3 of 18

G.  The payment of the Break-up Fee and the EM Overbid Component is reasonable and appropriate, including in light of the size and nature of the transactions contemplated by the Motion; the Stalking Horse Bidder's efforts, due diligence costs and expenses that it has and will expend, notwithstanding that those transactions are subject to higher and better offers; and the fact that these terms were included throughout the negotiations as material inducements for the Stalking Horse Bidder to enter into the Purchase Agreement.   In addition, the Break-Up Fee ensures that the Stalking Horse Bidder will continue to pursue the proposed acquisition set forth in the Purchase Agreement.

H.  Absent approval of the Break-up Fee and the EM Overbid Component, the Debtors may lose the opportunity to obtain the highest and best offers, and to preserve the value of their business.  Accordingly, ample support exists for the approval of the payment of the Break-up Fee and the EM Overbid Component as contemplated in the Purchase Agreement.

J.  The entry of this Procedures Order is in the best interests of the Debtors, their estates, their creditors and other parties in interest, as the Debtors will, among other things, retain for the benefit of their estates the prospect of a successful sale to the Stalking Horse Bidder while enabling them to solicit higher and better offers.

Now, therefore, it is hereby

**ORDERED**:

1.  Final Hearing.  A final hearing to consider entry of the Sale Order authorizing and approving the sale of the Acquired Assets, and the assumption and assignment of the Assumed Contracts, will be held before the Honorable Christopher M. Alston, United States Bankruptcy Judge, at the United States Bankruptcy Court, Courtroom 7206, 700 Stewart St., Seattle, Washington 98101, on July 6, 2016, at 9:30 a.m., or as soon thereafter as counsel can be heard (the "Final Hearing").

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2069 20141 af08d000eb
Case 16-12879-TWD    Doc 78    Filed 06/08/16    Ent. 06/08/16 11:11:41    Pg. 4 of 18

2. <u>Notice of Procedures</u>. Notice of the Motion, the Relief Requested and the deadlines for filing and serving objections thereto, and the procedures set forth herein shall be deemed good and sufficient if Debtors serve, within one business day after entry of this Order, by regular mail, this Procedures Order and the Motion upon (collectively, the "<u>Notice Parties</u>"):

a. the UST;

b. counsel for the Official Committee Of Unsecured Creditors, if any (the "<u>Creditors Committee</u>") ;

c. counsel for the Stalking Horse Bidder;

d. counsel for Sterling Savings Bank ("<u>Sterling</u>") and Bank of the West ("<u>BOTW</u>") (together, the "<u>Secured Lenders</u>");

e. counsel for Ronald Greenspan, the federal court-appointed receiver for Aequitas Management LLC and affiliates ("<u>Aequitas Receiver</u>");

f. all parties who have filed with the Court a request for notices in this case;

g. all taxing authorities that do or may hold a claim against one or more of the Debtors and their assets;

h. all counterparties to executory contracts and unexpired leases of the Debtors;

i. all parties on the creditor mailing matrix; and

j. all persons or entities that have expressed to the Debtors an interest in acquiring the Acquired Assets and the Assumed Contracts during the past twelve months or which Debtors reasonably believe may have an interest in bidding for the Acquired Assets and the Assumed Contracts.

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2069 20141 af08d000eb
Case 16-12879-TWD    Doc 78    Filed 06/08/16    Ent. 06/08/16 11:11:41    Pg. 5 of 18

3. <u>Bidding Procedures; Auction</u>.  Following entry of this Procedures Order, the Debtors shall be entitled to solicit additional offers for the Acquired Assets and the Assumed Contracts from prospective bidders (each, an "<u>Alternative Bid</u>") and, subject to the receipt from prospective bidders of appropriate confidentiality agreements, provide necessary and requested due diligence to such prospective bidders.  The following terms and procedures are hereby approved and shall govern the submission of competing bids for the Acquired Assets and the Assumed Contracts, except as explicitly modified with respect to Sterling and BOTW pursuant to Section 3.c.(11), below:

    a.    <u>Alternative Bid Deadline</u>.  Each Alternative Bid must be filed with the Court and served, via email or hard copy, such that is actually received not later than 5:00 p.m. (PDT) on June 27, 2016 (the "<u>Bid Deadline</u>") on:

Mark Buchholz
Skagit Gardens
3100 Old Highway 99 South
Mount Vernon, WA  98273
Email: mbuchholz@skagitgardens.com
Phone: 360-424-6144

Armand J. Kornfeld
Bush Kornfeld, LLP
601 Union St., #5000
Seattle, Washington 98101
Email: jkornfeld@bskd.com
Phone: 206-292-2110

Christine M. Tobin-Presser
Bush Kornfeld, LLP
601 Union St., #5000
Seattle, Washington 98101
Email: ctobin@bskd.com
Phone: 206-292-2110

And to:

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2069 20141 af08d000eb
Case 16-12879-TWD    Doc 78    Filed 06/08/16    Ent. 06/08/16 11:11:41    Pg. 6 of 18

Eric Hamant, CEO
Early Morning LLC
110 West Elm Street
Tipp City, Ohio 45371-1699
937-667-2491, Ext. 3019
E-Mail: ehamant@gardensalive.com

David A. LoTempio
Kavinoky Cook LLP
726 Exchange St., Suite 800
Buffalo, NY 14210
Email: dlotempio@kavinokycook.com
Phone: 716-845-6000 ext. 219

Michael J. Fencer
Jager Smith P.C.
One Financial Center
Boston, MA 02111
Email: mfencer@jagersmith.com
Phone: 617-951-0500

b. The Debtors shall immediately distribute a copy of each such Alternative Bid received to counsel for the Committee, counsel for each of the Secured Lenders, and counsel for the Aequitas Receiver.

c. <u>Qualified Alternative Bid</u>. The Debtors will consider an Alternative Bid only if the Alternative Bid is a "Qualifying Bid" as that term is defined by the Purchase Agreement (a "<u>Qualified Alternative Bid</u>"). Without limiting or altering the terms of the Purchase Agreement, to be a Qualified Alternative Bid, an Alternative Bid must:

(1) identify the proponent of the Alternative Bid and an officer or representative who is fully and completely authorized in all respects to appear, act on behalf, and legally bind such proponent (an "<u>Authorized Representative</u>");

(2) provide for the purchase/and or acquisition of some or all of the Acquired Assets, which may include the EC Consignment Inventory, and shall otherwise be on the substantially the same or better terms as those set forth in the Purchase Agreement, in the Sellers reasonable discretion, *provided, however* that an Alternative Bid shall not provide for the payment of a Break-Up Fee or Overbid Protections (i.e., no bidders other than the Stalking Horse Bidder will be entitled to receive any Break-Up Fee and/or any reimbursement of expenses or transaction costs);

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2069 20141 af08d000eb
Case 16-12879-TWD    Doc 78    Filed 06/08/16    Ent. 06/08/16 11:11:41    Pg. 7 of 18

(3) Reserved;

(4) identify the Liabilities to be assumed, if any, and the Assumed Contracts, if any;

(5) be accompanied by an executed asset purchase agreement in the form substantially the same as the Purchase Agreement, except that the structure may be changed so long as the value delivered to the Sellers' bankruptcy estate(s) for distribution to their creditors is at least $300,000 more than that provided by the Purchase Agreement, *including* the Break-Up Fee and the EM Overbid Component,

(6) set forth the purchase price, payable in cash, which purchase price and value to the Debtors' estates and creditors, when combined with the value of any assets to be excluded from the purchase that are currently included as Acquired Assets in the Purchase Agreement, shall be higher and better than the Purchase Price such that the value to the Debtors' bankruptcy estates and creditors exceeds the Purchase Price by at least $300,000, *including* the Break-Up Fee and the EM Overbid Component h;

(7) be accompanied by a cash deposit by cashier's or certified check or contemporaneously submitted by wire via wire instructions to be provided at bidder's written request by counsel for the Debtors at the contact information set forth in this Order, in the amount of $500,000 of the proposed purchase price, refundable in the event the prospective bidder is not the ultimate purchaser for any reason other than such prospective bidder's breach of any purchase agreement with the Debtors approved by the Court, and to be held in trust by Bush Kornfeld LLP, the Debtors' counsel (the "Cash Deposit");

(8) be a firm offer and, not contain any contingencies, other than those contained in the Purchase Agreement, to the validity, effectiveness or binding nature of the offer, including, without limitation, contingencies for financings, due diligence or inspection;

(9) be accompanied by financial information for the prospective bidder, including but not limited to financial statements including the prospective bidder's balance sheet sufficient to enable the Debtors, the Creditors Committee, the Secured Lenders, the Aequitas Receiver, and/or counsel for the Stalking Horse Bidder to determine such bidder's creditworthiness and ability to pay the purchase price and actually close a sale of the identified Acquired Assets, provided however,

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 8

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 16-12879-TWD    Doc 78    Filed 06/08/16    Ent. 06/08/16 11:11:41    Pg. 8 of 18

    determination that the bidder has met this qualification shall be in the sole reasonable discretion of the Debtors;

  (10) be open and irrevocable through the conclusion of the Final Hearing, unless extended by agreement of the parties;

  (11) with respect to Sterling and BOTW, the requirements set forth above shall be modified, as follows:

    (a) with respect to Section 3.c.(2), Sterling and BOTW shall be required only to identify the specific assets which that party proposes to acquire pursuant to their Qualifying Bid;

    (b) neither Sterling nor BOTW shall be required to comply with Section 3.c.(5);

    (c) with respect to Section 3.c.(6), Sterling and BOTW shall be required only to set forth the amount of their respective bids, which must include a cash component of $285,000 to pay the Break-Up Fee and the EM Overbid Component in the event either Sterling and/or BOTW is a Successful Bidder;

    (d) with respect to Section 3.c.(7), Sterling and BOTW shall be required only to make a cash deposit in the amount of $285,000 to pay the Break-Up Fee and the EM Overbid Component in the event either Sterling and/or BOTW is a Successful Bidder; and

    (e) neither Sterling nor BOTW shall be required to comply with Section 3.c.(9).

 d. <u>Auction, Bidding Increments, and Bids Remaining Open</u>.  If the Debtors receive one or more Qualified Alternative Bids, the Debtors shall conduct an auction (the "<u>Auction</u>") at the offices of Bush Strout & Kornfeld, 601 Union St., #5000, Seattle, WA 98101, on June 29, 2016, beginning at 10:00 a.m. (PST) or such later time and date and/or such other place as the Debtors shall notify all bidders who have submitted Qualified Alternative Bids (such persons are referred to as "<u>Qualified Alternative Bidders</u>") and the Stalking Horse Bidder.  The following procedures will apply:

  (1) Only the following parties and their counsel shall be permitted to attend the Auction:  the Stalking Horse Bidder, the Debtors, chair of the Creditors Committee and the Creditors' Committee counsel, one representative for each of the Secured Lenders and the Aequitas Receiver and their respective counsel, and Qualified Alternative Bidders and their respective counsel.  Only the Stalking Horse Bidder and

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Qualified Alternative Bidders, including through their counsel, shall be permitted to make any additional bids ("Subsequent Bids") at the Auction.

(2) All Qualified Alternative Bidders that desire to participate in the Auction shall have its Authorized Representative physically present for all bidding, each with the understanding that the true identity of each Qualified Alternative Bidder shall be fully disclosed to all other Qualified Alternative Bidders and that all material terms, including but not limited to the amount, of each bid will be fully disclosed to all other bidders throughout the entire Auction.

(3) The Debtors will give the Stalking Horse Bidder, all other Qualified Alternative Bidders, counsel for the Creditors Committee, and counsel for the Secured Lenders and the Aequitas Receiver a copy of the highest and best Qualified Alternative Bid received and copies of all other Qualified Alternative Bids on or before the Business Day prior to the Auction. In addition, the Debtors will inform the Stalking Horse Bidder and each Qualified Alternative Bidder who has expressed its intent to participate in the Auction of the identity of all Qualified Alternative Bidders that may participate in the Auction.

(4) Prior to the start of the Auction, the Authorized Representative of each Qualified Alternative Bidder shall certify, in writing, as follows:

(i) Each bid it makes at the Auction shall, if accepted by the Debtors, constitute a binding and legally enforceable contract of the Qualifying Bidder to timely close a purchase of the Acquired Assets and the assumption of Assumed Contracts according to the terms of the bid in the event an order of the Bankruptcy Court is entered approving a sale based upon such bid.

(ii) No bids made by the Qualifying Bidder, whether before, or during the Auction, shall be subject to any conditions or contingencies related to due diligence, financing, or any other further approval other than the Authorized Person present at the Auction.

(iii) The Authorized Representative present for the Qualified Alternative Bidder at the Auction has the full power and authority to act on behalf of and to legally bind such Qualified Alternative Bidder for any bids made, and any agreements entered into at or in connection with the Auction.

(iv) Other than the Stalking Horse Bidder, each Qualified Alternative Bidder that participates in the Auction shall authorize the Debtors to

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 16-31282879-TWD    Doc 78    Filed 06/08/16    Ent. 06/08/16 11:11:41    Pg. 10 of 18

conditionally accept such Qualified Alternative Bidders second-highest bid at the Auction as a back-up to the high bid, which shall become binding upon and enforceable against such Qualified Alternative Bidder other than the Stalking Horse Bidder, in the event the highest bid is approved by the Court, but such Qualified Alternative Bidder fails or otherwise refuses to close its purchase of the Acquired Assets for any reason other than a material failure of performance by the Debtors.

The Debtors shall have reasonable discretion with respect to the conducting of the Auction and, among other things, may announce at the Auction additional procedural rules that they determine to be reasonable under the circumstances (e.g., the amount of time allotted to make subsequent alternative bids) for conducting the Auction so long as such additional rules are not inconsistent with these Bidding Procedures and the terms, deadlines, and intent of the Purchase Agreement.

(5) At the Auction, bidding shall begin with the highest and best Qualified Alternative Bid ("Initial Overbidder"). The Debtors will identify the Initial Overbidder at the beginning of the Auction. Any subsequent bids must be at least $75,000 more than the immediately preceding Qualifying Bid and each such increment (including the initial increment over the Purchase Price) must be payable in cash ("Minimum Subsequent Overbid Amount"). In any of its subsequent bids, the Stalking Horse Bidder shall be entitled to credit bid up to the sum of the Break-Up Fee and the EM Consignment Payable, provided that the Stalking Horse Bidder shall recover the sum of the Break-Up Fee and the EM Consignment Payable directly from the deposit paid by the Successful Bidder in the event that the Court enters a sale order authorizing a sale of the Debtors' assets to a buyer other than the Stalking Horse Bidder.

(6) The Auction shall be recorded by stenographer or other reliable means of preserving the record of the Auction proceedings, and shall continue in one or more rounds of "open cry," or publically announced bidding and shall conclude after each participating bidder has had the opportunity, within any specified time period, to submit an additional Subsequent Bid with full knowledge and written confirmation of the then-existing highest bid, signed by Debtors' counsel and identifying the party or parties making the then highest bid.

(7) For the purpose of evaluating the value of the consideration provided by each Subsequent Bid (including any Subsequent Bid by the Stalking Horse Bidder), the value shall be the net cash consideration payable to Debtors after giving effect to the Break-Up Fee and the EM Consignment Payable that may be payable to the Stalking Horse Bidder

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 11

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 16-61212879-TWD    Doc 78    Filed 06/08/16    Ent. 06/08/16 11:11:41    Pg. 11 of 18

under the Purchase Agreement and this Procedures Order, and the contracts and leases and other liabilities of the Debtors that would be assumed or rejected by such bidder, as well as the assets to be excluded, as compared with Acquired Assets, including the Assumed Contracts, and the Assumed Liabilities under the Purchase Agreement.

(8) At the conclusion of the bidding, Debtors shall announce their determination (pursuant to the following paragraph) as to the Qualified Alternative Bidder submitting the successful highest and best bid ("Successful Bid"), which shall be submitted to the Bankruptcy Court for approval at the Final Hearing. The Stalking Horse Bidder shall be deemed a party-in-interest with standing to appear and be heard in connection with any motions, objections, hearings, or other proceedings relating to the Motion, the Purchase Agreement, the Auction, and any Alternative Bid, Subsequent Bid, or the Successful Bid.

(9) In determining the Successful Bid to submit to the Bankruptcy Court for approval, the Debtors, in consultation with their professionals and the Creditors Committee, shall determine whether an Alternative Bid constitutes higher and better offer than the Purchase Agreement. In making those determinations, the Debtors may consider any and all factors associated with all Qualified Alternative Bids and Qualified Alternative Bidders, including, but not limited to, factors such as the likelihood and ability of proposed buyer(s) to immediately consummate and close the proposed transactions, other timing issues, employment issues, overall value of Qualified Alternative Bids, contracts and leases assumed by each Qualified Alternative Bid and the impact of those issues on the estate and its creditors, and any other material factors. The highest and/or best offer as reasonably determined by Debtors shall be submitted to the Bankruptcy Court for approval at the Final Hearing, subject to the rights of parties in interest, including the Stalking Horse Bidder, to object to or challenge such determination.

(10) If Debtors do not timely receive any Qualified Alternative Bids, the Debtors shall forthwith cancel the Auction by notice and report filed on the Court's docket, and promptly present the Sale Order for entry by the Court at the Final Hearing.

(11) If, following the entry of a Sale Order approving a sale to the Successful Bidder, such Successful Bidder fails or otherwise refuses to consummate such sale, then the next highest or best Qualified Alternative Bid other than the Stalking Horse Bidder as to which the bidder has agreed will stand as a back-up bid (the "Back-Up Bid" and, such bidder, the "Back-Up Bidder") will be deemed to be the Successful Bid and the Debtors will be obligated to effectuate an Asset Sale to the

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 12

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2069 20141 af08d000eb
Case 16-12879-TWD    Doc 78    Filed 06/08/16    Ent. 06/08/16 11:11:41    Pg. 12 of 18

Back-Up Bidder subject to the terms of the Back-Up Bid without further order of the Bankruptcy Court. If the Stalking Horse Bidder is determined to be the Back-Up Bidder, its obligation consummate a purchase of the Acquired Assets and the Assumed Contracts shall for all purposes be governed by the terms and conditions of the Purchase Agreement. All other Back-Up Bids shall remain open until twenty (20) calendar days following entry of the Sale Order (the "<u>Back-Up Bid Expiration Date</u>"). All Qualified Alternative Bids (other than the Successful Bid and the Back-Up Bid) shall be deemed rejected by the Debtors on and as of the date of entry of the Sale Order by the Bankruptcy Court.

(12) Notwithstanding Section 7.5.4(b) of the Purchase Agreement, he Deposit of any Back-Up Bidder shall be retained by the Debtors until the Back-Up Bid Expiration Date and returned to the Back-Up Bidder within five (5) business days thereafter or, if the Back-Up Bid becomes the Successful Bid, shall be applied to the Purchase Price to be paid by the Back-Up Bidder in accordance with the terms of the Back-Up Bid.

(13) The Successful Bidder's Deposit shall be applied by the Debtors against the payment to the Stalking Horse Bidder of the sum of the Break-Up Fee and the EM Consignment Payable and then, to the cash portion of the Total Purchase Price to be paid by such Person at the closing of the transaction; and, in the event any such Person (whether the Stalking Horse Bidder or a Qualified Alternative Bidder) does not consummate the transaction by reason of its breach of the terms of the purchase agreement such Person has entered into or agreed to enter into with the Debtors, such Deposit shall be retained by the Debtors (in the case of the Stalking Horse Bidder, subject to the Purchase Agreement). Except as provided in subparagraph (12) above, any party that submits a Deposit but otherwise fails to submit a Qualified Alternative Bid or that submits a Deposit and is not the Successful Bidder shall receive a refund of such Deposit as soon as practicable after closing of the transaction with the Successful Bidder (or any backup Qualified Alternative Bidder) (in the case of the Stalking Horse Bidder, subject to the Purchase Agreement).

4. <u>Approval of Break-Up Fee and Overbid Protections</u>. The Break-Up Fee and the Overbid Protections, including, without limitation, the EM Consignment Overbid Component, are each and all hereby approved on the terms and conditions set forth in the Purchase Agreement, and it shall be a condition to the closing of the sale of the Acquired Assets to any person or entity other than

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 13

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 16-12879-TWD    Doc 78    Filed 06/08/16    Ent. 06/08/16 11:11:41    Pg. 13 of 18

the Stalking Horse Bidder, that the sum of the Break-Up Fee and the EM Consignment Overbid Component shall be paid in cash by the Sellers to the Stalking Horse Bidder at Closing from the Deposit of the Successful Bidder, prior to the distribution of the proceeds of the sale to any creditors.

5. <u>Credit Bid Rights of Secured Lenders.</u>  Nothing herein shall affect or restrict the rights of any Secured Lender with a lien upon any of the Acquired Assets that secures an allowed claim of such Secured Lender to credit bid at such sale pursuant to 11 U.S.C. § 363(k) for the purchase of any Acquired Assets upon which such Secured Lender holds a lien, *provided, however*, that no Secured Lender shall be permitted to combine or act in conjunction with any other Secured Lender holding a superior or a junior lien in the same Acquired Assets in violation of 11 U.S.C. § 363(n), or for the purpose of jointly or severally credit bidding to purchase any Acquired Assets subject to one or more of such Secured Lenders' liens.

6. <u>Good Faith Finding</u>.  At the Final Hearing, the Debtors shall make on offer of proof and, if required by the Court or requested by any creditor, provide direct testimony and other evidence in support of its request that the Bankruptcy Court make a finding in the Sale Order that the Stalking Horse Bidder or any buyer of assets as approved by the Court is a good faith purchaser within the meaning of § 363(m) of the Bankruptcy Code and should be entitled to all of the protections thereof.

7. <u>Objections to Motion</u>.  Responses or objections, if any, to entry of the Sale Order, without regard to the Auction or results thereof, shall be in writing, shall state the factual and legal bases for such objection, and shall be filed with the Bankruptcy Court and served so as to be actually filed and served no later than 4:00 p.m. (PDT) on June <u>28</u>, 2016 (the "<u>Objection Deadline</u>"), and, with respect to the results of any Auction and a proposed sale as a result of such Auction, at the time of the Final Hearing ("<u>Auction Objection</u>"), on the following:  (i) counsel for Debtors, (ii) counsel for the Creditors Committee; (iii) counsel for the Stalking Horse Bidder; and (vi) the UST.  Any reply by the

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 14

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 16-12879-TWD    Doc 78    Filed 06/08/16    Ent. 06/08/16 11:11:41    Pg. 14 of 18

Debtors to an Objection filed to the Sale Motion, which reply shall include a report on the outcome or status of the Auction, shall be filed with the Court and served on the above listed parties by July 1, 2016 at 12:00 p.m. (PDT). The failure of any objecting person or entity to timely file and serve its objection by the Objection Deadline and fully in accordance with the requirements above shall be an absolute bar to the assertion, whether at the Final Hearing or thereafter, of any such objection or response to the Motion, the Requested Relief, or Debtors' consummation and performance of the Purchase Agreement (including the transfer of the Acquired Assets and Assumed Contracts free and clear of all liens, claims, interests, and encumbrances), if authorized by the Court. Within one (1) Business Day after the entry of this Procedures Order on the docket, the Debtors shall serve a copy of this Procedures Order upon the Notice Parties and promptly file a certificate of service of the same with the Court.

8. <u>Final Hearing Adjournment</u>. The Final Hearing may be adjourned, from time to time, without further notice to creditors or parties-in-interest other than by announcement of the adjournment in open Court or on the Court's calendar on the date scheduled for the Final Hearing, *provided, however*, that no such adjournment shall alter or otherwise amend terms and conditions of the Purchase Agreement concerning the times for performance thereunder without the Stalking Horse Bidder's written consent or agreement.

9. <u>Expenditures</u>. The Debtors are hereby authorized to take such steps and incur and pay such expenditures as may be necessary or appropriate to effectuate the terms of this Procedures Order.

10. <u>Assumption and Assignment of Executory Contracts and Leases</u>. The following procedures (the "<u>Executory Contract Procedures</u>") shall govern the assumption and assignment of Executory Contracts and Leases.

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 15

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 16-12879-TWD    Doc 78    Filed 06/08/16    Ent. 06/08/16 11:11:41    Pg. 15 of 18

a. The Assumed Contracts that the Stalking Horse Bidder has elected to be assumed and assigned to it (each, an "<u>Assumed Contract</u>"), are set forth in Schedule 1 at Section 2.1.10 to and subject to amendment as provided in the Purchase Agreement and shall be assumed by the Debtors and assigned to the Stalking Horse Bidder pursuant to the Sale Order.

b. The Stalking Horse Bidder shall assume, pay, satisfy or otherwise discharge the Cure Costs of Assumed Contracts in accordance with the Purchase Agreement (the "<u>Cure Costs Deadline</u>"), *provided, however*, that the Cure Costs Deadline shall be extended to a date five (5) Business Days following the entry of a Bankruptcy Court order resolving any disputed Cure Costs.

c. From the Effective Date of the Purchase Agreement through the Alternative Bid Deadline, the Debtors will not reject or allow for the rejection of any Executory Contract unless otherwise agreed to in writing by the Stalking Horse Bidder.

d. To the extent the Executory Contract Procedures vary from the Purchase Agreement, the Executory Contract Procedures shall control.

e. After the Auction, the Debtors shall have the right to amend the Executory Contract Procedures in accordance with the terms of any purchase agreement signed by the Successful Bidder at the Auction.

f. Together with the service of this Procedures Order upon all counter-parties (the "<u>Contract Parties</u>") to the Assumed Contracts, the Debtors shall also serve a Notice of Proposed Cure Amounts upon such Contract Parties, together with a copy of the Notice of Debtors' Intent to Assume and Assign Executory Contracts and Unexpired Leases, as well as to all Persons or other entities entitled to notice pursuant to the terms of such Assumed Contracts, notifying all such Persons or entities of the Debtors' proposed cure amounts, if any, for such Assumed Contracts, and the requirement to file a written objection thereto on or before the Objection Deadline.

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 16

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 16-12879-TWD    Doc 78    Filed 06/08/16    Ent. 06/08/16 11:11:41    Pg. 16 of 18

  g. After the Auction, if the Successful Bidder is a party other than the Stalking Horse Bidder, the Debtors will provide immediate notice of the identity of the Successful Bidder to the Contract Parties by email, facsimile, or any method reasonably expected to provide notice in a timely manner.

  h. Any Contract Party, or any other party in interest, objecting to the Debtor's proposed Cure Costs, or otherwise objecting to any such Executory Contract being assumed and/or assigned by the Debtors is required to file and serve a written objection specifying the factual and legal bases for such objection (an "<u>Assumption/Assignment Objection</u>"), and setting forth with specificity the Cure Cost that the Contract Party asserts is required to be paid. Any Assumption/Assignment Objection must be filed with the Court and served such that is actually received not later than 5:00 p.m. (PST) on the Bid Deadline (which is June 27, 2016) by the following: (i) counsel for Debtors, (ii) counsel for the Creditors Committee; (iii) counsel for the Stalking Horse Bidder; and (iv) the UST. Any Assumption/Assignment Objection concerning a purchaser other than the Stalking Horse Bidder may be raised at the Final Hearing.

  i. Failure to Timely File and Serve Assumption/Assignment Objections: Unless an Assumption/Assignment Objection is timely filed and served by a Contract Party or other party in interest by the Bid Deadline, or at the Final Hearing as applicable, the Court may enter an order authorizing or effecting the assumption and assignment of such Executory Contract at the Final Hearing without regard to any objection such party may have.

  j. Waiver of Cure Objection: Any Contract Party that fails to file and serve an Assumption/Assignment Objection as provided above shall be deemed to have accepted for all purposes the Debtors' proposed Cure Costs and waived and released any objection to the amount of the same, and shall be forever barred and estopped from asserting or claiming against the Debtors, the Stalking Horse Bidder, or any other Qualified Bidder that any additional amounts are due or defaults exist, or conditions to assignment must be satisfied, under such Executory Contract.

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 17

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 16-12879-TWD   Doc 78   Filed 06/08/16   Ent. 06/08/16 11:11:41   Pg. 17 of 18

k. Objection Hearings: Hearing(s) with respect to Cure Costs and Assumption/Assignment Objections, if any, shall be heard at the Final Hearing, or at such other date as the Court may designate for such objections, in consideration of, and giving effect to the terms and conditions of the Purchase Agreement or any other such agreement approved by the Court pursuant to the Sale Order. If the subject Assumed Contract is assumed and assigned prior to resolution of the Cure Costs, the liquidated cure amount timely asserted by the objecting party, if any (or such lower amount as may be fixed by the Court), shall be deposited by the Debtors into a segregated account pending further order of the Court or agreement of the parties.

11. This Court shall retain jurisdiction over any matters related to or arising from the Motion or the implementation of this Procedures Order.

12. This Procedures Order shall be effective and enforceable immediately upon the entry thereof.

/ / /End of Order/ / /

Presented by:

BUSH KORNFELD LLP

By  /s/ Armand J. Kornfeld
  Armand J. Kornfeld, WSBA #17214
  Christine M. Tobin-Presser, WSBA #27628
Attorneys for Debtors-in-Possession

ORDER APPROVING BIDDING AND NOTICE
PROCEDURES – Page 18

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2069 20141 af08d000eb
Case 16-12879-TWD    Doc 78    Filed 06/08/16    Ent. 06/08/16 11:11:41    Pg. 18 of 18